Argued February 5, affirmed March 31, 1971

# OREGON AUTOMOBILE INSURANCE COMPANY, *Respondent, v.* BATEMAN, *Appellant.*

### 482 P2d 744

*Ernest Lundeen,* Eugene, argued the cause and filed a brief for appellant.

*Jack L. Mattison,* Eugene, argued the cause for respondent. With him on the brief were Jaqua, Wheatley & Gardner, Eugene.

DENECKE, J.

This was an action for $2,000 commenced in the district court. Plaintiff prevailed and the defendant, Mrs. Bateman, appealed to the circuit court and now to this court.

Mrs. Bateman became the guardian for her minor son and plaintiff became surety on the necessary guardianship bond. Subsequently, the defendant was relieved as guardian and the newly-appointed guardian brought an action against Mrs. Bateman in which she stipulated that she had improperly expended $2,000 from the guardianship estate and permitted judgment against her in that sum. Plaintiff, as Mrs. Bateman's surety, paid such sum to the minor's estate and brought this action for indemnity.

■ Mrs. Bateman contends she is not liable because she did not execute the bond, rather her attorney did on her behalf. For the purposes of indemnity it is immaterial whether Mrs. Bateman executed the bond. She judicially admitted by the stipulation that she was guardian and improperly expended $2,000. Oregon Auto was obligated as surety to pay this amount and it did. A surety has an implied right of indemnity against its principal for sums it was required to pay on its principal's behalf. *Twombley v. Wulf,* 258 Or 188, 482 P2d 166 (1971).

■ Defendant's contention that plaintiff did not prove its corporate capacity because it did not introduce a certificate of the Corporation Commissioner that it

was a qualified corporation in compliance with ORS 57.791 is frivolous. Plaintiff filed a certificate of the Insurance Commissioner that it was a corporation complying with the requirements of the Insurance Division. For a domestic insurance corporation this is the correct procedure. ORS 732.105-732.115.

■ The defendant's claim that the plaintiff should have been required to file a verified account in response to defendant's motion is also frivolous. ORS 16.470. This was not an action on an account.

Affirmed.